# EXHIBIT A

(Class Action Settlement Agreement)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ULYSSES HOLMES,

       Plaintiff,                          Case No. 6:20-CV-00698-ORL-40LRH

vs.

WCA MANAGEMENT COMPANY, L.P.,

       Defendant.

_____/

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Plaintiff, Ulysses Holmes ("Plaintiff"),[1] individually and on behalf of the Settlement Class (defined below), and Defendant, WCA Management Company, L.P. ("WCA") (collectively, the "Parties"), enter into this Class Action Settlement Agreement and Release ("Agreement") to resolve all claims in this action, subject to the approval of the Court.

**I.**      **Recitals.**

1.      Plaintiff initiated this action by filing a Complaint on April 2, 2020 and then amended the Complaint on June 9, 2020 (collectively the "Complaint"). Plaintiff asserted claims on behalf of himself and a putative class against WCA under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), alleging that WCA violated certain notice requirements of COBRA. Plaintiff asserted that the COBRA notice, among other violations, (i) failed to include a coverage termination date if COBRA coverage were elected; and (ii) failed to identify the Plan Administrator. Plaintiff sought statutory penalties pursuant to 29 U.S.C.

---

[1] Plaintiff, Laphadra Holmes, was initially a party plaintiff in this case; however, Plaintiffs' counsel will file a notice of voluntary dismissal with prejudice as to Ms. Holmes in conjunction with executing this Agreement.

§1132(c)(1) and 29 C.F.R. §2575.502c-1 in the amount of $110 per day for himself and each putative Class member who was sent an alleged defective COBRA.  Plaintiff also claimed injunctive relief individually, and on behalf of the putative Class, regarding the subject COBRA notice.

2.     WCA responded to the Amended Complaint on June 15, 2020 by denying certain allegations, including that it had violated any of the COBRA provisions cited in the Complaint. WCA also raised affirmative defenses, including those directed at Plaintiff's class allegations – that Plaintiff is an inadequate class representative, the lack of numerosity, typicality, commonality, and that individual issues predominate over those typical of the class.  WCA further raised defenses including, among others, preemption of common law claims, the failure to comply with Plan documents, the failure to mitigate damages, the failure to assert a cognizable cause of action, WCA's good faith defense, Plaintiff's lack of injury, the failure to satisfy jurisdictional prerequisites and exhaust administrative remedies, the COBRA Notice having met the applicable legal standards, injunctive relief as not appropriate in that Plaintiff had an adequate remedy at law, Plaintiff's lack of standing, and the failure to include all indispensable third parties.

3.     The Parties participated in full-day Court-ordered mediation conducted by mediator, Carlos Burreuzo, on October 5, 2020.  The Parties reached an agreement and cooperated in memorializing the terms of the settlement by subsequent email correspondence.  (Ex. A).

4.     Subsequently, the Parties prepared and now enter into this Class Action Settlement Agreement and Release, which memorializes in full the terms of the Parties' amicable resolution of this case.  The Parties were represented by competent counsel at mediation and during all negotiations, which resulted in the execution of this Agreement.

5.      Plaintiff's counsel, who have substantial experience representing class representatives and prosecuting class actions, have investigated the law and facts relating to the claims asserted in the Complaint.  Based on their experience in representing class representatives and litigating class action cases, Plaintiff's counsel have concluded that this Settlement is fair and reasonable and in the best interests of the Settlement Class, as defined below (the "Settlement Class").  Plaintiff's counsel has given due consideration to the benefits of amicably resolving this case as described herein and the risks and delays associated with further litigation including, without limitation, the risk that class certification may be denied.

6.      WCA expressly denies that it has engaged in any wrongdoing and denies that the COBRA notice at issue is deficient. By entering into this Agreement, WCA does not admit, nor concede, any fault or liability in connection with any facts or claims that have been, or could have been, alleged against it in this action. W C A denies that it has any liability whatsoever to Plaintiff or any members of the Settlement Class.  WCA has entered into this Agreement solely to purchase peace and in recognition of the substantial expense and burden of continued litigation, the substantial period of time required to arrive at a judicial resolution of the issues presented, and the concomitant inconvenience, distraction, and disruption to its business operations.

7.      Subject to the approval of the Court, the Parties propose to settle this Action on the terms set forth in this Agreement.

**II.      <u>Definitions.</u>**

As used in this Agreement, capitalized terms and phrases not otherwise defined have the meanings provided below:

8.      <u>Action or Lawsuit:</u> the above-captioned action, *Ulysses Holmes and Laphadra*

*Holmes v. WCA Management Company, L.P.,* , Case No. 6:20-cv-00698-ORL-40LRH, United States District Court, Middle District of Florida, Orlando Division.

       9.    <u>Agreement or Settlement or Settlement Agreement:</u> this Class Action Settlement Agreement and Release.

       10.    <u>Class Counsel:</u> Wenzel, Fenton, Cabassa, P.A.

       11.    <u>Class Notice Date:</u> the date that Notices of Settlement are initially mailed to Settlement Class Members.

       12.    <u>Class Period for Class:</u>

           All participants and beneficiaries in the Defendant's Health Plan who were sent a COBRA notice by, or on behalf of Defendant, from April 1, 2016 to November 18, 2020, or the date of receipt by the subject participants and beneficiaries, whichever is later, and who did not elect continuation of coverage.

       13.    <u>Class Representative or Plaintiff:</u> Ulysses Holmes

       14.    <u>COBRA:</u> the Consolidated Omnibus Budget Reconciliation Act of 1985, including all regulations promulgated and applicable case law thereunder.

       15.    <u>COBRA Coverage:</u> continuing health and welfare insurance coverage provided under COBRA.

       16.    <u>COBRA Notice:</u> the notice regarding the right to elect COBRA Coverage provided by or on behalf of WCA to the Settlement Class (as defined below) in the form at issue in the Action. (Ex. B.)

       17.    <u>Court:</u> the U.S. District Court for the Middle District of Florida, Orlando Division.

       18.    <u>Deadline to Opt Out or Object:</u> the date the Court establishes as the deadline by which Settlement Class Members must postmark a written notice of their intent to opt out of the

Settlement and by which any objections to the Settlement must be filed with the Court. Settlement Class Members shall have sixty (60) days after the Notice of Settlement is mailed to opt out of or object to the Settlement.

19.     <u>Defendant or WCA:</u>  WCA Management Company, L.P

20.     <u>Effective Date:</u> means the first day after the first date on which all of the following have occurred: a) all Parties have executed this Agreement; b) the Court has preliminarily approved this Agreement; c) reasonable notice has been given to the Settlement Class Members, including providing them an opportunity to opt out, or object to  the Settlement; d) the Court has a held a final approval hearing, entered  a final Order  approving the Agreement, and awarded Class Counsel its reasonable attorneys' fees and costs; and, e) if there are written objections filed before the  Final Approval Hearing and those objections are not withdrawn or overruled, the last of the following events to occur:

**<u>First,</u>** if no appeal of the Final Approval Order is filed by a timely objector, then the date on which objector's time to appeal the Final Approval Order has expired with no appeal;

**<u>Second,</u>** if an appeal of the Final Approval Order is filed by a timely objector, then after the Final Approval Order is affirmed by the appellate court, the date on which all applicable deadlines for filing any motions for rehearing or further appeal have expired without any such motion or further notice of appeal having been filed or any such motion for further appeal has been resolved with no possibility of subsequent appeal.

**<u>Finally,</u>** if no objector timely objects, the Effective Date will be the date

that is 10 days after entry of the Final Approval Order provided that date

is not a Saturday, Sunday or federal holiday in which event the Effective

Date will be the next business day.

21.     Final Approval Hearing: the hearing to be conducted by the Court, following the Court's preliminary approval of this Settlement, dissemination of the Notice of Settlement to the Settlement Class distributed by the Settlement Administrator, and required notices under the Class Action Fairness Act ("CAFA") distributed by the Settlement Administrator, at which time the Parties will jointly request the Court to finally approve the fairness, reasonableness and adequacy of the terms of this Settlement and to enter a Final Approval Order. Defendant's counsel will take the lead on preparing a draft of the Final Approval Motion and will coordinate finalizing the motion with input from all Parties, including the Released Parties as defined herein.

22.     Final Approval Motion: The Parties' joint motion seeking final approval of this Settlement.

23.     Final Approval Order: the Court's order granting final approval of this Settlement on the terms provided herein, or as the same may be modified by subsequent written mutual agreement of the Parties.

24.     Gross Settlement: the total amount that the Settlement Fund Payor (as defined below) shall pay in settlement of this Action pursuant to Paragraph 36 of this Agreement.

25.     Net Settlement Proceeds: the amount of money remaining after the Gross Settlement is reduced by the following amounts, none of which WCA opposes:

    a.     any award of Class Counsel attorneys' fees up to 33.33% of the total Gross Settlement, plus costs;

    b.     Court-approved costs of the settlement administration process; and

6

c.      All other expenses of any type.

26.      <u>Notice of Settlement:</u> the Notice of Class Action Settlement approved by the Court in its Preliminary Approval Order, which shall be sent to the Settlement Class Members by U.S. Mail.

27.      <u>Parties:</u> Plaintiff on behalf of himself and as Class Representative and Defendant, WCA.

28.      <u>Preliminary Approval Motion:</u> the Parties' joint motion seeking preliminary approval of this Settlement. WCA's counsel will take the lead on preparing a draft of the Preliminary Approval Motion and will coordinate finalizing the motion with input from all Parties, including the Released Parties as defined herein.

29.      <u>Preliminary Approval Order:</u> the Court's order preliminarily approving this Settlement. WCA's counsel will take the lead on preparing a draft of the Preliminary Approval Order and will coordinate finalizing the order with input from all Parties, including the Released Parties as defined herein. The Parties intend to submit the Preliminary Approval Order to the Court contemporaneously with the Parties' joint motion for preliminary approval.

30.      <u>Released Parties:</u> WCA and third party COBRA notice providers (including Empyrean Benefit Solutions, Inc. and HealthEquity, Inc., a Delaware corporation, on behalf of itself and its subsidiary WageWorks, Inc.), WCA's third party health care provider, its outsourced third party COBRA administrator, and each of their affiliates, parent companies, subsidiaries, predecessors, successors, corporate family members, officers, directors, partners, employees, attorneys, agents, insurers, shareholders, representatives, trustees, principals, and assigns.

31.  <u>Settlement Class:</u> the class (as more specifically defined above) certified pursuant to Fed. R. Civ. P. 23 for settlement purposes only, consisting of approximately 1,771 members who were sent the COBRA Notice, or should have been sent the COBRA Notice, on behalf of WCA from April 1, 2016 to November 18, 2020, or the date of receipt by the subject participants and beneficiaries, whichever is later, and who did not elect continuation of coverage, excluding any individuals who timely file a valid written notice of intent to opt out of the Settlement.

32.  <u>Settlement Class Members:</u> any individual who is a member of the Settlement Class. A list of the names of each Settlement Class Member and the address to which a COBRA Notice was sent shall be provided by WCA, or on behalf of WCA, by Empyrean or HealthEquity, Inc. , to the Settlement Administrator within ten (10) days after issuance of the Preliminary Approval Order. Before such a list is provided, the Settlement Administrator shall sign an Acknowledgement of the Confidentiality Stipulation, which is attached as Ex. A. The Settlement Administrator shall destroy this list of names and addresses and any copies thereof within ninety (90) days after the deadline for cashing settlement checks expires.

33.  <u>Settlement Account:</u> the account that is established by the Settlement Administrator for purposes of administering monetary relief under this Agreement.

34.  <u>Settlement Administrator</u>: a third-party settlement administrator selected and retained by the Parties for purposes of administering the Settlement and mailing the Notice of Settlement and Settlement Payments to Settlement Class Members.

35.  <u>Settlement Fund Payor:</u> WCA

36.  <u>Settlement Payment:</u> an equal portion of the Net Settlement Proceeds that each

Settlement Class Member shall be entitled to receive, payable by check from the Settlement Administrator, pursuant to Paragraph 37 of this Agreement.

### III.    **Monetary Benefits to the Settlement Class.**

37.    <u>Settlement Account.</u> Within ten (10) days of the Effective Date, the Settlement Administrator shall establish a Settlement Account for purposes of administering monetary relief under this Agreement, and shall provide Class Counsel and WCA's counsel with any information relating to the Settlement Account that is reasonably necessary for the Settlement Fund Payor to fund the Settlement Account in accordance with Paragraph 38, including but not limited to a properly executed Form W-9.

38.    <u>Funding of Settlement Account.</u> Within twenty (20) business days of the Effective Date, WCA shall deposit a sum total of Two Hundred Ten Thousand Dollars and No Cents ($210,000.00) into the Settlement Account, which sum may be paid in one or more deposits to the Gross Settlement Account, which shall establish the Gross Settlement and be used by the Settlement Administrator to pay Settlement Class Members and to pay any amounts approved by the Court for Plaintiff's attorneys' fees and expenses and expenses of settlement administration.  Payment of this sum shall be the sole, total and only payment obligation WCA or any Settlement Fund Payor has in settlement of this Action.

39.    <u>Settlement Payments.</u> The Net Settlement Proceeds, *i.e.,* the amount remaining in the Settlement Account after deduction of any and all amounts approved by the Court for Plaintiffs attorneys' fees and costs, and expenses of settlement administration, shall be distributed to Settlement Class Members on a pro rata basis in the form of individual settlement checks. Each Class Member will receive an equal pro rata portion of the Net Settlement Proceeds.  This is a "claims paid" settlement, meaning Each Class Member will

receive an equal pro rata portion of the Net Settlement Proceeds without having to file a claim. Rather, checks will be sent automatically to Each Class Member's last known mailing address as set forth herein.

40.     <u>Manner of Distribution.</u> The Settlement Administrator shall send the Settlement Payments to Settlement Class Members by U.S. Mail within thirty (30) days after the Settlement Fund Payor has funded the Settlement Account.  For purposes of this mailing, the Settlement Administrator shall use the address information that is provided for each Settlement Class Member in accordance with Paragraph 32 of this Agreement, subject to appropriate updating of addresses by cross-referencing the National Change of Address Database.  If any Settlement Payment is returned by the U.S. Postal Service with a forwarding address before the check's expiration date, the Settlement Administrator will promptly re-mail the check to the forwarding address. If the Settlement Payment is returned without a forwarding address, the Settlement Administrator or Class Counsel shall make reasonable efforts to obtain a current address for the pertinent Settlement Class Member, and the Settlement Administrator shall re-mail the check if a current address is obtained before the check's expiration date.

41.     <u>Deadline for Cashing Checks.</u> Each Settlement Class Member shall have sixty (60) Days from the date which appears on the face of check issued to him/her to negotiate his/her settlement check. If any funds remain in the Settlement Account after the 60-day deadline for Settlement Class Members to negotiate their settlement checks as a result of uncashed or undeliverable checks, the Settlement Administrator shall retain such funds in the Settlement Account for a period of ten (10) business days to allow for the processing and payment of any checks that may still be in the bank's check clearing process. Thereafter, the Settlement Administrator shall close out the Settlement Account by issuing a check for any remaining balance

to in equal distributions to WCA Management Company, L.P. and Empyrean Benefit Solutions, Inc. (each to receive 50% of said check) within five business days.

42. <u>Payments Not Considered Wages.</u> The Parties agree that the Settlement Payments are not wages and shall not be treated as such by WCA or the Settlement Fund Payor for tax purposes. The Settlement Administrator shall arrange for the preparation and filing of any tax reports, forms, and returns required to be filed, prepared or disseminated by the Settlement Account, and will send Class Counsel copies of any such filings and receipts of payment in a timely manner. Neither the Parties, the Settlement Fund Payor, nor their respective counsel shall have any liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Settlement Account.

**IV.     Attorneys'  Fees and Expenses:  Costs  of Administration.**

43. <u>Unopposed Motion for Attorneys' Fees and Expenses.</u> At least ten (10) days prior to the Objection Deadline, Plaintiff will seek an order from the Court awarding Class Counsel their reasonable attorneys' fees in the sum total of Thirty-Three  and  One-Third Percent (33.33%) of the Gross Settlement and, in addition, out-of-pocket expenses incurred in this Action, which, upon approval, will be paid from the Settlement Account.  Under no circumstances shall Plaintiff seek an amount of attorneys' fees in excess of the agreed upon percentage fee set forth herein, except their actual documented out-of-pocket expenses may exceed this amount when added to the capped 33.33% in attorneys' fees.  WCA agrees that it will not oppose Plaintiff's application for attorneys' fees and costs, up to 33.33% of the Gross Settlement, plus costs.  Under no circumstances shall any Settlement Fund Payor be responsible for paying any additional monies over and above the Gross Settlement of $210,000 set forth in paragraph 38 above.   The cost of notice for administration shall be paid out of the Gross Settlement and will also reduce the Settlement Class

Members' claims proportionally to the cost.  In no event shall WCA be liable for making any payments under this Settlement Agreement, or for providing any relief to the Settlement Class Members, before the deadlines set forth in this Agreement.

44.     <u>Payment of Approved Attorneys' Fees and Expenses.</u> Within ten (10) business days of the Settlement Account being funded pursuant to Paragraph 38 above, the Settlement Administrator shall pay attorneys' fees and expenses to Class Counsel, pursuant to the terms of the Court order granting such award, by wire transfer or check from the Settlement Account as directed by Class Counsel to the trust account of Wenzel Fenton Cabassa, P.A.

45.     <u>Cost of Administration</u>. The Parties agree that all costs of administration shall be paid out of the Gross Settlement and not by WCA.  Plaintiff and Plaintiff's counsel will not be responsible for any costs related to the notice process for any reason, this includes any errors in the notice, remailing costs, or anything else related to the dissemination of notice or other costs of administration; however, such costs shall be paid from the Gross Settlement.

46.     <u>Other Expenses Borne by the Parties.</u>  Subject to Paragraphs 43, 44 and 45 above, each Party shall otherwise bear his/its own attorneys' fees and expenses.

**V.     <u>Release of Claims</u>**

47.     <u>Plaintiff and Class Release.</u> On the Effective Date, and in consideration of the benefits provided by this Agreement, the sufficiency of which has been determined  by the Court and is hereby acknowledged by the Parties, Plaintiff and all Settlement Class Members who have <u>not</u> opted out of the Settlement Class pursuant to the procedures set forth in Paragraph 52 shall fully and forever release, waive, acquit, and discharge WCA, and each of the Released Parties from any and all claims arising out of or relating to the facts alleged in the Complaint filed in the Action, including but not limited to any and all claims relating to the COBRA Notice provided

12

by or on behalf of WCA or the Released Parties that have been asserted, or could have been asserted, in this Action , and including any such claims for attorneys' fees, costs, or expenses, whether such claim arises under ERISA, COBRA, or any other law relating to ERISA or COBRA, or any state or foreign law equivalent, common law doctrine relating to ERISA or COBRA, any rule relating to ERISA or COBRA, any regulation relating to ERISA or COBRA or otherwise that could have been raised in this Lawsuit; provided, however, that the potential claims of anyone who meets this Class Definition but who timely opted out of the Settlement Class.  This release is not, however, meant to release any individual claims for benefits brought (or that could be brought) by Class Members under ERISA § 502 unrelated to the claims brought, or could be brought, in this case for alleged COBRA notice violations.

## VI.  <u>Notice and Right to Opt Out or  Object.</u>

48.  <u>Notice to Settlement Class Members.</u> The Settlement Administrator shall utilize the Court-approved short and long form of the Notice of Settlement, which forms will be the only ones utilized by the Administrator. The Settlement Administrator shall also provide the proposed form of the long form of notice that will be posted on the Settlement Administrator's website along with a list of other pertinent documents which will be available to Settlement Class Members on the Settlement Administrator's website.  Moreover, within ten (10) business days after receiving Court-approval of the format and contents of the short and long form of the Notice of Settlement from the Parties, the Settlement Administrator will send the Short Form Notice of Settlement to all Settlement Class Members via first-class U.S. Mail, postage prepaid in the approved form of envelope, if applicable. The Settlement Administrator shall also make the Long Form of notice available on its website at the time when the Notice of Settlement is mailed to the Settlement Class Members.

49.     <u>Manner of Distributing Notice.</u> For purposes of distributing the Short Form Notice of Settlement, the Settlement Administrator shall use the address information that WCA provides for each Settlement Class Member in accordance with Paragraph 32 of this Agreement, subject to appropriate updating by the Settlement Administrator or Class Counsel of addresses by cross-referencing the National Change of Address Database. If any Notice of Settlement is returned by the U.S. Postal Service with a forwarding address, the Settlement Administrator will promptly re-mail the Notice to the forwarding address provided. If the Notice of Settlement is returned without a forwarding address, the Settlement Administrator or Class Counsel shall make reasonable efforts to obtain a valid address for the pertinent Settlement Class Member, and mail the Notice to the updated address.

50.     <u>Settlement Telephone Number and Talking Points.</u> Effective on the Class Notice Date, and through the expiration of the period for cashing checks, the Settlement Administrator shall establish a toll-free telephone number with an interactive voice response ("IVR") system that Settlement Class Members may call to obtain further information about the Settlement. The Settlement Administrator shall only discuss the talking points mutually agreed to by the Parties and the Settlement Fund Payor with the Settlement Class Members.

51.     <u>Settlement Website.</u> Effective on the Class Notice Date, or as soon as thereafter practicable, and through the expiration of the period for cashing checks, the Settlement Administrator or Class Counsel shall establish an active website from which Settlement Class Members can download relevant forms such as the Complaint, the Notice of Settlement, the Settlement Agreement, and ECF-filed *(i.e.,* publicly-available) copies of the pleadings in support of approval of the Settlement, Plaintiff's motion for attorneys' fees and expenses, papers reflecting costs of administration, and the long form

of notice.

52.     Right to Opt Out. Settlement Class Members who wish to exclude themselves from the Settlement must submit a written statement requesting exclusion from the Settlement ("opt-out request"), postmarked no later than the Deadline to Opt Out or Object. Such opt-out request must state the case name and number, contain the name, address, telephone number,  and email address of the Settlement Class Member requesting exclusion, and be personally signed by that Settlement Class Member. The opt-out request must be sent by U.S. Mail to the Settlement Administrator (at the address provided in the Notice of Settlement), and must be timely postmarked on or before the Deadline to Opt Out or Object. The Settlement Administrator shall provide the Parties' Counsel (as specified in Paragraph 79 below) with copies of all opt-out requests within five (5) business days after the Deadline to Opt Out or Object. Any Settlement Class Member who timely requests exclusion from the Settlement will not be entitled to any Settlement Payment and will not be bound by this Settlement or have any right to object, appeal or comment thereon. No opt-out request may be made on behalf of a group of Settlement Class Members.

53.     Objections. Any Settlement Class Member who wishes to object to the Settlement must file a timely  written statement  of objection with the Clerk of Court,  and mail a copy of that objection with the requisite postmark to the Settlement Administrator (at the address provided in the Notice of Settlement) no later than the Deadline to Opt Out or Object. The Settlement Administrator shall provide the Parties' Counsel (as specified in Paragraph 80 below) with copies of all objections within five (5) business days after the Deadline to Opt Out or Object. The statement of objection must state the case name and number; specify the basis for the objection; provide the name, address, telephone number, and email address of the Settlement Class Member making the objection; and indicate whether the Settlement Class Member intends to appear at the

Final Approval Hearing, either with or without counsel. In addition, any statement of objection must be personally signed by the Settlement Class Member and, if represented by counsel, then also by counsel. Any Settlement Class Member who fails to timely object to the Settlement in the manner specified above shall be deemed to have waived any objections to the Settlement and shall be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement.

## VII.   Settlement Approval.

54. Preliminary Approval Motion. As soon as practicable after the Parties execute this Agreement, WCA's counsel will take the lead on preparing a draft of the Preliminary Approval Motion and will coordinate finalizing the motion with input from all Parties. The Parties agree to collaborate in good faith in the preparation and finalization of the Preliminary Approval Motion. The Preliminary Approval Motion will request that the Court (a) enter an agreed-upon Preliminary Approval Order; (b) certify the Settlement Class for Settlement purposes; (c) appoint Plaintiff as the named Class Representative and Plaintiff's counsel as Class Counsel for Settlement purposes; (d) authorize distribution of the Notice of Settlement to the Settlement Classes; (e) set a Deadline to Opt Out or Object; and (f) set a date for a Final Approval Hearing, not to occur until at least ninety (90) days after the Court's Preliminary Approval Order. The Parties agree to file the Preliminary Approval Motion upon approval by all Parties and Released Parties on the form and content of the motion.

55. CAFA Notices. The Settlement Administrator shall submit the notices required under the Class Action Fairness Act, 28 U.S.C. § 1715, to the applicable state and federal officials within ten (10) days of the filing of the Preliminary Approval Motion.

56.    <u>Final Approval Motion.</u> At least fourteen (14) days before the Final Approval Hearing, or on the date set by the Court (if different), the Parties shall file a Final Approval Motion.  WCA's counsel shall take the lead on preparing a draft of the Final Approval Motion and Final Approval Order and will coordinate finalizing the motion and order with input from all Parties. The Parties agree to collaborate in good faith in the preparation and finalization of the Final Approval Motion and Final Approval Order.  Prior to finalizing the Final Approval Motion, the Settlement Administrator shall provide Class Counsel and WCA's Counsel with a report listing the names and addresses of all Settlement Class Members to whom the Settlement Administrator mailed a Notice of Settlement, and indicating which Settlement Class Members submitted a timely opt out request, if any, and which Settlement Class Members submitted a timely objection, if any (as well as copies of any such opt-outs or objections).

57.    <u>Class Certification for Settlement Purposes Only</u>. The Parties' Settlement is contingent upon the Court's certification of the Settlement Classes for settlement purposes. WCA and the Released Parties do not contest certification of the Settlement Class for settlement purposes, but reserve the right to contest class certification if the Settlement Class is not certified or the Settlement is not approved.

58.    <u>Right to Terminate Settlement.</u> The Parties shall each have the right to unilaterally terminate this Agreement by providing written notice of their election to do so within ten (10) business days after: (a) the Court's refusal to certify the Settlement Class as defined herein after the next section (b) is satisfied; (b) the Court's refusal to grant preliminary approval of the Settlement after the Parties have attempted to re-submit the Preliminary Approval Motion at least one time addressing any issues raised by the Court as to the first

17

Preliminary Approval Motion and/or Settlement Agreement (or if the Preliminary Approval Order agreed to by the Parties is materially modified in a manner unacceptable to either Party); (c) the Court's refusal to grant final approval of the Settlement (or if the Final Approval Order agreed to by the Parties is materially modified in a manner unacceptable to either Party); or (d) only if any objection(s) are timely made, and, as a result of said objection, the date upon which the Final Approval Order is reversed, or if the Final Order is materially modified in a manner unacceptable to either Party by the U.S. Court of Appeals for the Eleventh Circuit or the U.S. Supreme Court. If there are no objections, Paragraph 58(d) is inapplicable.

59.     The above notwithstanding, the Parties agree that should any of the conditions set forth in Paragraph 58 occur, the Parties will, within the above-indicated period, meet and confer in a good-faith attempt to reach agreement on a settlement of this Action.

60.     In addition, the Settlement Fund Payor shall have the right unilaterally to terminate this Agreement by providing written notice to Plaintiff's Counsel of its election to do so within ten (10) business days after the Deadline to Opt Out or Object if a total of thirty-five (35) or more putative members of the Settlement Classes request exclusion from the Settlement by submitting timely opt-out requests in accordance with Paragraph 52.

61.     <u>Termination of Settlement.</u> If the Settlement is terminated pursuant to Paragraph 59 of this Agreement, the Parties will return to the *status quo,* and the Action shall proceed as if this Settlement had never been negotiated. In particular, it is agreed by the Parties that:

(a)     the Settlement proposed herein shall be of no further force and effect;

(b)     the agreements and definitions in this Settlement Agreement concerning the certification of the Settlement Class will not be used as evidence or argument to support class certification or the definition of any class in any

further litigation, and WCA will retain all rights to oppose the certification of any class in any further litigation; and with the exception of Paragraph 67, which shall survive the termination of the Settlement, this Settlement Agreement and all negotiations, proceedings and statements relating thereto, and any amendment thereof, shall be null and void and shall be without prejudice to the Parties or the Released Parties, and each Party and Released Party shall be restored to his, her or its respective  position as it existed prior to the execution of this Settlement Agreement.

62.    **Settlement Modification.** The Parties may agree by written stipulation of counsel to reasonable modifications of the timetables set forth in this Agreement or to modifications of the exhibits to this Agreement to effectuate the purpose of this Agreement or to conform to guidance from the Court, without the need to formally amend this Agreement.

63.    **Dismissal with Prejudice:**   Within five (5) days after the Effective Date, Plaintiff and WCA agree that they will jointly stipulate to the dismissal with prejudice of the Litigation.  Plaintiff and WCA agree they will request that the Court retain jurisdiction to enforce the Settlement Agreement.

**VIII.  Other Provisions.**

64.    **No Press Release or Publicity.** The Parties agree that they will not issue any press release(s) or other public statement(s) regarding the fact of or discussing the terms set forth in this Settlement Agreement (or the Term Sheet).   The Parties agree that any communications regarding the distribution of the Gross Settlement shall be approved in

advance by WCA and relevant Released Parties.

65.     Confidentiality. The Parties, and the Released Parties, agree to and shall maintain in confidence the individual contributions made to the Gross Settlement by the Settlement Fund Payor members.

66.     Mediation; Dispute Resolution. In the event that the Parties disagree upon the terms of this Settlement Agreement or as to any matter concerning the administration of this Class Action Settlement, the Parties and the relevant Released Parties agree to use their best efforts to amicably resolve the dispute and to participate in mediation before an agreed upon mediator prior to seeking relief from the Court.

67.     No Admission of Liability. The provisions contained in this Settlement Agreement and all negotiations, statements and proceedings in connection therewith shall not be deemed a presumption, a concession or an admission by WCA or the Released Parties of any fault, liability or wrongdoing as to any fact or claim alleged or asserted in the Action or any other actions or proceedings and shall not be interpreted, construed, deemed, invoked, offered or received in evidence or otherwise used by any person in this Action or any other actions or proceedings, whether civil, criminal or administrative, except in a proceeding to enforce the terms or conditions of this Settlement Agreement.  WCA and the Released Parties have denied and continue to deny each and every claim alleged in the Action. Accordingly, neither this Settlement Agreement, the settlement itself, any act performed nor document executed pursuant to or in furtherance of this Settlement Agreement or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any claim alleged in the Action, or of any wrongdoing or liability or lack thereof by WCA or the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or

20

evidence of, any fault or omission or lack thereof of any of WCA or the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. It is agreed that WCA and the Released Parties may offer or introduce as evidence, or file with a court, administrative agency, or other tribunal, the Settlement Agreement or the Final Approval Order, as entered, with respect to any claims or actions that may be brought against them in order to support a defense based on principles of res judicata, collateral estoppel, claim or issue preclusion, release, good-faith settlement, judgment bar or reduction or any other similar defense. The Parties and their counsel, and each of them, further agree, to the extent permitted by law, that all agreements made relating to the confidentiality of information exchanged in the Action shall survive and be unaffected by this Settlement Agreement.

68.    No Waiver. A Party's failure to exercise any rights under this Agreement shall not constitute waiver of that party's right to exercise those rights later. No delay by any Party in exercising any power or right under this Agreement will operate as a waiver of that power or right, nor will any partial exercise of any power or right under this Agreement preclude other or further exercises of that or any other power or right. The waiver by one Party of any breach of this Agreement will not be deemed to be a waiver of any prior or subsequent breach.

69.    Authority. The signatories below represent that they are fully authorized to enter into this Agreement.  All class members who do not opt out are bound by the signature of the Plaintiff as to any settlement and/or judgment.

70.    Best Reasonable Efforts and Mutual Full Cooperation. The Parties agree to fully cooperate with one another to accomplish the terms of this Agreement, including, but not limited to, executing such documents and taking such other actions as may be reasonably necessary to implement the terms of this Settlement. The Parties will use their best reasonable efforts, including

all efforts contemplated by this Agreement and any other efforts that may become necessary as ordered by the Court, or otherwise, to effectuate this Agreement and to secure the Court's approval of the Settlement.

71.     <u>Communications with Settlement Class Members.</u> The Parties and their respective counsel shall not discourage any Settlement Class Member from participating in this Settlement or lobby or encourage any Settlement Class Member to opt out of the Settlement or object to the Settlement.

72.     <u>Binding Effect on Successors and Assigns.</u> This Agreement will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

73.     <u>Construction.</u> The Parties agree that the terms and conditions of this Agreement are the result of lengthy, arms'-length negotiations between the Parties, and that this Agreement will not be construed in favor of or against any party by reason of the extent to which any party or party's counsel participated in the drafting of this Agreement.

74.     <u>Entire Agreement.</u> This Settlement Agreement and the attached Exhibits, incorporated herein by reference, constitute the entire agreement of the Parties with respect to the subject matter hereof and supersedes all prior negotiations, communications, and agreements between the Parties, and may not be amended, or any of their provisions waived, except by a writing executed by all Parties hereto.  The Parties: (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Settlement Agreement and to exercise their commercially reasonable best efforts to accomplish the foregoing terms and conditions of the Settlement Agreement. The Parties intend this Settlement

Agreement to be a final and complete resolution of all disputes between them, relating to or arising out of, the subject matter of the Action.  Accordingly, the Parties agree that the terms of the Settlement Agreement represent a good-faith settlement, reached voluntarily based upon adequate information and after consultation with experienced counsel. The Parties also agree Plaintiff's attorneys' fees and costs were not discussed until all other terms were reached.

75.     <u>Governing Law</u>.  This Settlement Agreement shall be governed by the laws of the State of Florida without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall  govern.

76.     <u>Venue.</u> The Parties hereby agree that any action brought upon the enforcement of this Agreement shall be commenced or filed in the United States District Court for the Middle District of Florida, Orlando Division.

77.     <u>Extensions.</u> The Parties may agree, in writing, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of this Settlement Agreement.

78.     <u>Effect of Captions and Headings.</u> Paragraph titles, captions, or headings in this Agreement are inserted as a matter of convenience and for reference purposes only, and in no way define, limit, extend, or describe the scope of this Agreement or any provision in it. Each term of this Agreement is contractual and is not merely a recital.

79.     <u>Notices.</u> Unless otherwise specifically provided in this Agreement, any notices or communications to the Parties relating to this Settlement should be sent to their respective counsel in writing, and will be deemed to have been duly given as of the third business day after mailing by U.S. registered or certified mail, return receipt requested or as of the date of

23

delivery confirmation by Federal Express, United Parcel Service or equivalent express carrier,

as follows:

**Plaintiff's Counsel:**

Luis A. Cabassa, Esq.
Brandon J. Hill, Esq.
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Ave., Suite 300
Tampa, FL 33602

**Defendant's Counsel:**

Sherril Colombo, Esq.
Littler Mendelson, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131

Stefanie Mederos, Esq.
Littler Mendelson, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131

**Released Parties:**

Aaron Weiss, Esq.
Carlton Fields
Miami Tower
100 S.E. Second St., Ste. 4200
Miami, FL  33131

      80.   <u>Counterparts.</u> This Agreement may be executed in one or more  counterparts.

All executed copies of this Agreement and photocopies thereof (including facsimile and/or

emailed copies of the signature pages), shall have the same force and effect and shall be as

legally binding and enforceable as the original.

      81.   <u>Class</u> <u>Signatories</u>. The Parties agree that because the Settlement Class Members

are so numerous, it is impossible and impracticable to have each Settlement Class Member

execute this Agreement. Therefore, the Notice will advise all Settlement Class Members of

the binding nature of the release and will have the same force and effect as if executed by each Class Member.

82. <u>Named Plaintiff's Article III Standing</u>.  The Parties agree that, for settlement purposes only, Named Plaintiff Ulysses Holmes has Article III standing, which Defendant agrees not to challenge simply for settlement purposes.

83. <u>No Assignment.</u> Plaintiff represents and warrants that he has not assigned, transferred, or otherwise disposed of the claims released herein.

84. <u>Non-Disparagement.</u> The Parties and their counsel shall make no statements to the press, issue no press release, nor make any other public statements describing this Settlement that disparage any Party and/or accuse any Party of wrongdoing.

85. <u>Authority of Court</u>. The administration and implementation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Release contained in the Agreement.  The Court expressly retains jurisdiction in order to enter such further orders  as may  be  necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

86. <u>No  Additional  Obligations.</u> There  are  no  additional  obligations  on  the Settlement Fund Payor to provide any consideration or information other than the obligations

contained in this Settlement Agreement, the exhibits expressly incorporated therein, and any other written, executed agreement concerning the settlement of this Lawsuit.

**IX.    <u>Execution.</u>** The undersigned, being duly authorized, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on Effective Date, as defined in this Agreement, and provided that it has been executed by all Parties.

12 / 05 / 2020
_____        _____
DATE                                ULYSSES HOLMES


_____        _____
DATE                                WCA WASTE SYSTEMS, INC.

contained in this Settlement Agreement, the exhibits expressly incorporated therein, and any other written, executed agreement concerning the settlement of this Lawsuit.

**IX.** **<u>Execution.</u>** The undersigned, being duly authorized, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on Effective Date, as defined in this Agreement, and provided that it has been executed by all Parties.

_____          _____
DATE                                             ULYSSES HOLMES


_____          _____
DATE                                             WCA WASTE SYSTEMS, INC.

(Proposed Short Form Notice)

U.S. POSTAGE
PAID
MAILED FROM
ZIP CODE 32216
PERMIT NO 584

**COURT ORDERED
NOTICE**

c/o Settlement Administrator
PO Box 23459
Jacksonville, FL 32241-3459

*Ulysses Holmes,*

*v.*

*WCA Management Company, L.P.,*

Class Action Notice

\*8131—ΦX—008638\*

Postal Service: Please do not mark barcode
<<noticeid>> – <<keyline>>

1 * 1
<<fname>> <<lname>>
<<businessname>>
<<addrline1>>
<<addrcity>> <<addrstate>> <<addrzip>>

*(Continued below)*

A settlement has been reached in a proposed class action lawsuit claiming WCA Management Company, L.P..'s ("Defendant") COBRA Notice was deficient in certain respects. In summary, Plaintiff alleges that Defendant provided him and other putative class members with a COBRA Notice that did not adequately inform class members how to exercise his/their right to elect COBRA coverage. Defendant denies that it violated any law or regulation, and has affirmatively asserted that all COBRA notices complied with applicable law, but has agreed to the settlement to avoid the uncertainties and expenses of continuing the case. The total Settlement Fund will be the sum of $210,000. There are approximately 1,771 potential Settlement Class Members.

**Am I a Class Member?** Defendant's records indicate you are a member of the settlement class defined as follows: All participants and beneficiaries in the Defendant's Health Plan who were sent a COBRA notice by, or on behalf of Defendant, from April 1, 2016 to November 18, 2020, or the date of receipt by the subject participants and beneficiaries, whichever is later, and who did not elect continuation of coverage.

**What Will the Settlement Mean for Me?** If the Court approves the settlement you will receive a payment by check. The Settlement Fund will be divided equally on a pro rata basis among all Settlement Class Members who do not opt out of the settlement. The gross amount payable to each Settlement Class Member (assuming all potential members participate) will be approximately $118.00. However, certain deductions will be made from the Settlement Fund, as approved by the Court, for Class Counsel's attorneys' fees and litigation costs, and costs of settlement administration. Plaintiff's counsel will ask for attorneys' fees equivalent to one-third of the fund, plus costs. If the Court awards the amount sought for these awards and expenses, the net amount payable to each class member will be reduced to approximately $68.00.

**What Do I Need to Do to Receive a Payment?** To receive a settlement payment, you do not need to do anything. You will receive your pro-rata portion of the net Settlement Fund provided you do not opt-out of the Settlement, as described in further detail below.

**Who Represents Me?** The Court appointed lawyers Luis A. Cabassa and Brandon J. Hill from Wenzel Fenton Cabassa, P.A. to represent the Settlement Class. As Class Counsel, they will seek to be paid legal fees out of the Settlement Fund as described above. You may hire and pay for a lawyer at your own expense if you do not wish to be represented by Class Counsel, but you are not required to retain your own counsel.

*(Continued on reverse side.)*

**What If I Don't Like the Settlement?** You may exclude yourself from participating in the Settlement or object to its terms. To exclude yourself ("opt out") and keep any rights you may have against Defendant concerning the COBRA Notice at issue in this lawsuit (and Defendant will keep any defenses it has against your claims), you must specifically state in writing that you want to opt out of the Settlement and send your written notice to the Settlement Administrator by _____, 2020. If you do not opt out of the Settlement, you may object to the terms of the proposed Settlement by filing a written objection with the Court by _____, 2020. If you object to the settlement, you must (i) provide the specific grounds for your objection; (ii) state whether your objection pertains to just you individually, or all or some of the proposed Settlement Class; and (iii) timely return your objection.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing on _____, 2019 at the United States District Court for the Middle District of Florida, U.S. Federal Building and Courthouse, George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Orlando, Florida 32801 in Courtroom ___ on _____, at _____ a.m.

**How May I Get More Information?** For more information, contact the Settlement Administrator, PO Box 23459, Jacksonville, FL, 32241-3459, at (888) XXX-XXXX, via e-mail at info@XXXX.com, or visit www.XXXX.com.

| *Please use this section to update your address* |
| --- |
| <<noticeid>>                                     <<keyline>> |
| NAME |
| ADDRESS |
| CITY, STATE, ZIP |

*PLACE STAMP HERE*

*Holmes v. WCA Management Company, L.P*

c/o Settlement Administrator

PO Box 23459

Jacksonville, FL 32241-3459

(Proposed Long Form Notice for Website)

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO. 6:20-cv-00698-ORL-40LRH**

**ULYSSES HOLMES, individually**

      **Plaintiff,**

**vs.**

**WCA MANAGEMENT COMPANY, L.P.,**

      **Defendant.**

_____/

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING**

<u>**A court authorized this Notice.  This is not a solicitation from a lawyer.**</u>

      This **Notice of Proposed Class Action Settlement and Hearing** provides important information regarding your right to participate in or to opt out of a proposed settlement in a class action lawsuit. Named Plaintiff, Ulysses Holmes ("Plaintiff"), filed a lawsuit against Defendant WCA Management Company, L.P., ("Defendant" or "WCA") in which he alleges that the COBRA Notice he received from or on behalf of Defendant was deficient.  Defendant disputes the allegations and has asserted its Notice complied with all applicable laws. That case is pending in the U.S. District Court, Middle District of Florida (Orlando Division) and the judge has not made any determination about who is right or wrong in the case.  As summary of the claims asserted in the lawsuit and the proposed settlement follows.

- The notice at issue is referred to as a "COBRA" Notice and the continuation of health insurance coverage after separation of employment is called "COBRA continuation coverage," after the Consolidated Omnibus Budget Reconciliation Act of 1985. That Act requires an employer to send a COBRA notice to employees within 44 days after the end of a person's employment. The COBRA notice is designed to provide former employees who were covered under employer sponsored group healthcare plans with information and details regarding their right to continue their healthcare coverage and the terms and conditions of that COBRA continuation coverage. 29 U.S.C. §1166(a) (2), (a)(4), (c).

- The lawsuit generally alleges Defendant provided Plaintiff and other putative class members with a deficient COBRA Notice.  More specifically, Plaintiff asserted that Defendant's COBRA Notice did not adequately inform him of how to exercise his rights to elect COBRA coverage.  Plaintiff asserted that, in alleged violation of 29 C.F.R. § 2590.606–4(b)(4) *et seq*. the Notice failed to: (i) include a date certain on which continuation coverage ends; (ii) identify the Plan Administrator; and, finally, (iii) be written in a manner calculated to be understood by the average plan participant. As a result of the alleged violations in the Complaint, Plaintiff sought statutory penalties, injunctive relief, attorneys' fees, costs and expenses on behalf of himself and all others similarly-situated.

- Defendant denies that its COBRA Notice was deficient in any manner and denies that it has any liability to Plaintiff whatsoever.  Rather, Defendant has asserted that its COBRA Notice complied with any and all relevant laws, including COBRA and ERISA.  Furthermore, had the parties proceeded in the litigation, Defendant further denies that the matter would have proceeded on a class action basis.

2

- At this point in the case, the presiding judge has not made any determination about who is right or wrong.  Rather, instead of proceeding with potentially years of litigation with uncertain outcomes, the parties have agreed to resolve the lawsuit through a Court-supervised settlement to avoid further cost and uncertainty.

- Plaintiff proposed to settle this dispute on behalf of herself and all other former employees who received the same COBRA Notice and did not elect COBRA coverage because they participated in the group healthcare plans sponsored by Defendant.  The class definition is as follows:  All participants and beneficiaries in the Defendant's Health Plan who were sent a COBRA notice by, or on behalf of Defendant, from April 1, 2016 to November 18, 2020, or the date of receipt by the subject participants and beneficiaries, whichever is later, and who did not elect continuation of coverage.

- Membership in the Settlement Class will be determined based upon Defendant's records reflecting who received the specific COBRA Notice at issue.  It is estimated that the Settlement Class is comprised of 1,771 potential members.

- You received notice of this settlement by mail which directed you to this website because Defendant's records indicate that you are eligible to receive benefits from this proposed class action settlement.

- Your rights and options—and the deadlines to exercise them—are explained in this Notice. Here is a brief summary of your rights and options.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **Do Nothing** | If you do nothing and the Court approves this settlement, you will receive a settlement payment.  As a member of the Settlement Class, you will release Defendant from any potential liability regarding the COBRA notice and the issues raised in this lawsuit. |
| **Ask to be Excluded by _____, 2020** | If you do not want to be included in the case and the settlement, you must take action to exclude yourself.  This is called "opting out." To opt out, you must state in writing that you have elected to opt out of the case and the settlement, and send your written notice to the Settlement Administrator by ____, 2020.  If you elect to opt out, you may pursue your own action against Defendant for the claims raised in this case if you choose to do so. |
| **Object by _____, 2020** | You may write to the Court about why you don't like the settlement, if you object to any of its terms.  To object to the settlement you must: (i) state your objection with specificity; (ii) state whether your objection pertains only to yourself or some or all of the Settlement Class; and (iii) return your objection timely. You may not file an objection if you opt out of the settlement. |
| **Go to a Hearing on _____, 2020** | If you wish to be heard, you may attend the Final Approval Hearing and ask to speak in Court about the fairness of the settlement. You are not required to attend the hearing.  If you opt out, you may not present your opinions regarding the settlement at the Final Approval Hearing. |

**The Court still has to decide whether to approve this settlement, which may take some time, as explained below**.

## **TABLE OF CONTENTS**

Basic Information ......................................................................................................................5

   1.   Why did I receive a notice? ...........................................................................................5

   2.   What is the lawsuit about? .............................................................................................5

   3.   Why is this case a class action? ....................................................................................5

   4.   Why is there a settlement? ............................................................................................6

Who Is Included In The Settlement .........................................................................................6

   5.   How do I know if I am part of the settlement? ..............................................................6

The Settlement Benefits—What You May Receive .................................................................6

   6.   What does the settlement provide? ...............................................................................6

   7.   How do I receive a benefit from the Settlement? .........................................................6

   8.   When would I receive my benefit? ...............................................................................7

   9.   What am I giving up to receive a benefit or stay in the class? .....................................7

   10.  Do I have to participate in the Settlement? ..................................................................7

   11.  If I don't exclude myself, can I sue Defendant for the same thing later? ....................7

   12.  If I exclude myself, will I receive any benefits from this settlement? .........................8

The Lawyers Representing the Settlement Class ......................................................................8

   13.  Will I have a lawyer in this case? .................................................................................8

   14.  How will Class Counsel be paid? .................................................................................8

Objecting to the Settlement .....................................................................................................8

   15.  How do I tell the Court that I don't like the settlement? .............................................8

   16.  Is there a difference between objecting and opting out? ..............................................9

   17.  Where and when will the Court decide whether to approve the settlement? ...............9

   18.  Do I have to come to the hearing? ...............................................................................9

   19.  May I speak at the hearing? .........................................................................................9

Getting More Information ........................................................................................................9

   20.  Are there more details about the settlement? ...............................................................9

   21.  How May I get more information? ...............................................................................9

| Basic Information |
| --- |

**1.      Why did I receive a notice?**

You were sent notice by mail of this proposed settlement because you are a member of the settlement class. Composition of the Settlement Class is based upon Defendant's records. The Notice of Settlement you received by mail directed you to the Settlement Administrator's website which provides additional information regarding this settlement, including this more detailed Notice of Proposed Class Action Settlement and Hearing.  You as a potential member of the Settlement Class have a right to know about the proposed settlement of this case as a class action and about your options to participate as a Settlement Class Member, your ability to object to the settlement terms as a class member, or to opt out of the settlement, before the Court decides whether to grant final approval of the settlement.  If the Court approves the settlement, and after all objections or appeals relating to that settlement are resolved, the benefits provided for by the settlement will be available to all Settlement Class Members who have not elected to opt out.

This Notice explains the lawsuit, the proposed settlement, your legal rights, the settlement benefits and who will be eligible to receive a benefit from the settlement fund, and the basis upon which benefits will be paid.  A copy of the Settlement Agreement is available to Settlement Class Members on this website.

**2.      What is the lawsuit about?**

Plaintiff filed this putative class action against Defendant for allegedly providing a defective COBRA notice to her and other putative class members. As set forth in the Complaint, Defendant was the plan sponsor of a group Health Plan ("Plan") in which Plaintiff participated.  After Plaintiff experienced a "qualifying event" Defendant provided a COBRA Notice to Plaintiff which Plaintiff asserts is deficient for, among other things, its alleged failure to: (i) include a date certain on which continuation coverage ends; (ii) identify the Plan Administrator; and, finally, (iii) be written in a manner calculated to be understood by the average plan participant. Defendant has denied that the Notice contained any purported deficiencies.

Due to these alleged deficiencies, Plaintiff alleges that Defendant failed to provide participants and beneficiaries in the Plan with adequate notice of their right to elect continuation coverage, as required by COBRA.

Defendant disputes the Plaintiff's allegations and denies all liability to Plaintiff and the Settlement Class. Defendant has affirmatively asserted that the Notice at issue complied with any and all applicable laws.  In the lawsuit, Defendant denied Plaintiff's allegations and asserted a number of defenses.  Further, Defendant has, at all relevant times, asserted that Plaintiff's claims are not appropriate for class action treatment in the absence of a settlement.

Although the Court has authorized this Notice of Proposed Class Action Settlement, the Court has not determined or ruled upon the merits of the claims or defenses asserted by either side in the lawsuit. The Court has not found Defendant violated the law in any way.  The Court has not found that the Plaintiff would prevail in this case.  The Court has not made any determination that Plaintiff will recover any damages in this litigation.

**3.      Why is this case a class action?**

Class actions are lawsuits in which the claims and rights of many people are decided in a single proceeding.  In a class action, as here, the Plaintiff ("Class Representative") seeks to assert claims on behalf of herself and all members of a putative class who received the same allegedly deficient COBRA notice.  In a class action, individuals with similar claims are generally treated alike.  The Court will supervise the prosecution of the class claims by Counsel for the Settlement Class to assure that all members of the settlement class are adequately and fairly represented.  Settlement Class Members are not individually responsible for the costs or fees of Class

Counsel, which are subject to court award and which will be paid out of the Settlement Fund.

## 4.      Why is there a settlement?

The Court has not decided the merits of this case in favor of the Class Representative or in favor of Defendant. Instead, Counsel for the Settlement Class investigated the facts and applicable law regarding the Class Representative's claims and Defendant's defenses.  The parties engaged in lengthy and arm's-length negotiations to reach this settlement.  The Class Representative and Counsel for the Settlement Class believe that the proposed settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members.

Both sides agree that, by settling, Defendant is not admitting any liability or that Defendant did anything wrong. Both sides want to avoid the uncertainties and expense of further litigation.

## Who Is Included In The Settlement

## 5.      How do I know if I am part of the settlement?

You are included in the settlement if you fit the definition set forth in Paragraph 1.  If you received a notice of settlement in the mail, Defendant's records indicate you are a member of the Settlement Class.  If you are not certain as to whether you are or should be a member of the Settlement Class, you may contact the Settlement Administrator to find out.  In all cases, the question of settlement class membership will be determined based on Defendant's records.

## The Settlement Benefits—What You May Receive

## 6.      What does the settlement provide?

If you are a member of the Settlement Class, you are eligible to receive a benefit under the settlement.  Defendant has agreed to pay a total of $210,000 into a Settlement Fund. The Settlement Fund will be divided equally on a pro rata basis among all Settlement Class Members who do <u>not</u> opt out of the settlement.  The gross amount payable to each Settlement Class Member (assuming all potential members participate) will be approximately $118.00.  However, certain deductions will be made from the Settlement Fund, as approved by the Court, for Class Counsel's attorneys' fees and litigation costs, and the costs of settlement administration.  If the Court awards the amount sought for these awards and expenses, the net amount payable to each class member will be reduced to approximately $68.00.

Each Settlement Class Member shall have sixty (60) Days from the date which appears on the face of check issued to him/her to negotiate his/her settlement check. If any funds remain in the Settlement Account after the 60-day deadline for Settlement Class Members to negotiate their settlement checks as a result of uncashed or undeliverable checks, the Settlement Administrator shall retain such funds in the Settlement Account for a period of ten (10) business days to allow for the processing and payment of any checks that may still be in the bank's check clearing process. Thereafter, the Settlement Administrator shall close out the Settlement Account by issuing a check for any remaining balance to in equal distributions to WCA Management Company, L.P. and Empyrean Benefit Solutions, Inc. (each to receive 50% of said check) within five business days.

## 7.      How do I receive a benefit from the Settlement?

To receive your settlement payment, you do not have to do anything. Your interest in this matter will be represented by the Plaintiff as Class Representative and Class Counsel. As a Settlement Class Member, you will be bound by the terms of the Settlement Agreement and any judgment arising from the settlement. If the Court approves the settlement at or after the Final Approval Hearing, you will automatically receive a settlement check

for your share of the funds remaining in the Settlement Fund after deduction for Court-approved awards and expenses.

**8.      When would I receive my benefit?**

The Court will hold the Final Approval Hearing on _____, 2019 at the United States District Court for the Middle District of Florida, U.S. Federal Building and Courthouse, George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Orlando, Florida 32801 in Courtroom ___ on _____, at _____ a.m., to decide whether to approve the settlement.  If the Court approves the settlement, there may be appeals or objections that must be resolved before the settlement will become effective.  Settlement payments to members of the Settlement Class will be made only if the settlement is finally approved by the Court and only after all appeals or objections are resolved.  This may take some time, so please be patient.  You may check on the status of this approval process by visiting this website.

**9.      What am I giving up to receive a benefit or stay in the class?**

Upon the Court's approval of the settlement, all members of the Settlement Class who do not exclude themselves (as well as spouses, heirs, and others who may possess rights on their behalf) will fully release Defendant, its then-third party healthcare provider and its outsourced third party COBRA administrator, any other Released Party as defined in the Settlement Agreement (and, for each of them, their affiliates, subsidiaries, employees, and others who may be subject to claims with respect to each of them as specified in the Settlement Agreement) from any and all claims arising out of the facts alleged in the Complaint filed in the Action, including but not limited to any and all claims relating to the COBRA notices issued or the cessation of employment that were or could have been asserted in this Action, including but not limited to loss of wages and benefits or loss of earning capacity.  No individual claims by class members for benefits under ERISA are subject to this waiver, except to the extent the claim for benefits or disputed benefits related to the alleged failure to receive a proper COBRA notice.   Similarly, no 401(k)-related or ERISA breach of fiduciary duty claims are released.

**10.     Do I have to participate in the Settlement?**

No.  You may choose to be excluded from the Settlement and you will not be bound by the Settlement Agreement or any judgment or other final disposition of the lawsuit.  You will retain any claims you may have against Defendant, and Defendant will retain any defenses it has to your claims.  To request exclusion, you must state in writing your desire to opt out and to be excluded from the Settlement Class.  **Your request to opt out which will exclude you from the Settlement must be sent by first class mail, postmarked on or before _____, 2020. You must send your written opt out notice to**:

*Holmes v. WCA Management Company, L.P.*
c/o Settlement Administrator
P.O. Box 23459
Jacksonville, FL 32241-3459
(888) XXX-XXXX

**If your written opt out request is not postmarked on or before _____, 2020, your request for exclusion will be invalid**, and you will be bound by the terms of the settlement approved by the Court, including without limitation, the terms of the Settlement Agreement and the judgment ultimately rendered in the case, and you will be barred from bringing any claims against Defendant which arise out of or relate in any way to the claims in the case as specified in the Release referenced above.

**11.     If I don't exclude myself, can I sue Defendant for the same thing later?**

No.  If you do not opt out of the settlement, you will give up any right to sue Defendant for the claims that this settlement resolves regarding the COBRA notice you received.

**12.      If I exclude myself, will I receive any benefits from this settlement?**

No.  If you opt out and thereby exclude yourself, you are not part of the settlement and will get no money from it.

**The Lawyers Representing the Settlement Class**

**13.      Will I have a lawyer in this case?**

The Court has appointed Ulysses Holmes as the Class Representative.  The Court has appointed Luis A. Cabassa and Brandon J. Hill of Wenzel Fenton Cabassa, P.A., as Counsel for the Settlement Class.  Class Counsel's contact information is as follows:

Luis A. Cabassa, Esq.
Brandon J. Hill, Esq.
WENZEL FENTON CABASSA, P.A.
1110 North Florida Ave., Suite 300
Tampa, FL 33602
(813) 224-0431
lcabassa@wfclaw.com
bhill@wfclaw.com

Counsel for the Settlement Class represent the interests of all of the Settlement Class Members.  You may hire your own attorney to advise you regarding this matter and the proposed settlement if you so choose, but you are not required to do so and if you hire your own attorney, you will be responsible for paying that attorney's fees and costs.

**14.      How will Class Counsel be paid?**

Class Counsel will apply to the Court for an award of attorneys' fees, in an amount not to exceed one-third (33.33%) of the Settlement Fund, plus litigation costs. The Court may award less at its discretion. Costs of administration incurred by the Settlement Administrator will also be paid from the Settlement Fund.  The amounts approved by the Court for these awards and expenses will be paid directly from the Settlement Fund, and not by you or the other Settlement Class Members.

**Objecting to the Settlement**

**15.      How do I tell the Court that I don't like the settlement?**

You may object to any aspect of the proposed settlement by filing and serving a written objection. Your written objection must include: (1) your name, address, telephone number, email address and signature; (2) a detailed statement of the specific factual and legal basis for the objection(s) being asserted; (3) a statement of whether your objection pertains to just your individual settlement payment, or whether you are seeking to make a broader objection relating to some or all of the Settlement Class (4) a notice of your intent to appear at the Final Approval Hearing if you intend to appear; (5) a detailed description of any and all evidence, including copies of any exhibits, which you may offer at the Final Approval  Hearing, and (6) must identify this case by the names of the parties and case number (as set forth on the first page of this notice).

**You must file any objection with the Clerk of the Court at the address below within sixty (60) days of the postmarked date on the notice of settlement that you received by mail:**

United States District Court
Middle District of Florida
George C. Young Federal Annex Courthouse
401 West Central Boulevard
Orlando, Florida 32801

Any member of the Settlement Class who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later.

**16.     Is there a difference between objecting and opting out?**

Yes.  By objecting, you are simply telling the Court that you don't like something about the Settlement but you are agreeing to be bound by the Settlement as approved by the Court.  You may object only if you stay in the Settlement Class.  If you elect to opt out of the Settlement Class, you are telling the Court that you do not want to be part of the Settlement.  If you opt out and thereby exclude yourself from the settlement, you will have no basis to object because the lawsuit and settlement no longer affect you or any potential claims you may have.

**17.     Where and when will the Court decide whether to approve the settlement?**

There will be a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the proposed settlement on _____, 2020 at _____ a.m. at the United States District Court, Middle District of Florida, George C. Young Federal Annex Courthouse 401 West Central Boulevard, Orlando, Florida 32801, Courtroom _____.  At the Court's discretion, the hearing may be postponed to a later date so you should visit this website for updates prior to the hearing date set forth above.  It also may be conducted via Zoom due to COVID-19.  The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of settlement; whether the Settlement Class is adequately represented by the Class Representative and Class Counsel; and whether an order and final judgment should be entered approving the proposed settlement.  The Court also will consider Settlement Class Counsel's application for an award of attorneys' fees and expenses.

You will be represented at the Final Approval Hearing by Class Counsel, unless you choose to enter an appearance in person or through your own attorney.  The appearance of your own attorney is not necessary to participate in the Final Approval Hearing.  Again, should you choose to engage your own attorney, it will be at your own expense.

**18.     Do I have to come to the hearing?**

No.  Class Counsel will represent the Settlement Class Members at the Final Approval Hearing, but you are welcome to attend the hearing at your own expense.  If you file an objection, you do not have to come to Court to talk about it.  As long as you filed and mailed your written objection on time, the Court will consider it.  You may also pay your own attorney to attend, if you wish.

**19.     May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing.

| **Getting More Information** |
| --- |

**20.     Are there more details about the settlement?**

For more details regarding the lawsuit or the settlement, you may refer to the papers filed in this case during regular business hours at the Clerk of the Court's office, U.S. Federal Building and Courthouse, George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Orlando, Florida 32801 in Courtroom ___ on _____, at _____ , Clerk's office, File: *Holmes v. WCA Management Company, L.P.*, pending as Case No. 8:19-cv-6:20-cv-00698.

You may also access papers filed in this case on-line through the Public Access to Court Electronic Records ("PACER") service at www.pacer.gov; however, you may need to create an account and certain fees may apply. You may also obtain a copy of the full Settlement Agreement and certain papers filed in this case by sending a written request to the Settlement Administrator, at the address above.  You may also access the full Settlement Agreement and certain pleadings filed in this case on this website.

**21.     How May I get more information?**

You may contact the Settlement Administrator, or Class Counsel, or, Defendant's counsel.  Mailing addresses and phone numbers for each are listed below.

Settlement Administrator: American Legal Claims, P.O. Box 23459, Jacksonville, FL 32241-3459, (888) XXX-XXXX.

To Settlement Class Counsel: Luis A. Cabassa, Esq. and Brandon J. Hill, Esq., Wenzel Fenton Cabassa, P.A., 1110 N. Florida Ave., Suite 300, Tampa, Florida 33602, (813) 224-0431.

To Defendant's Counsel: Sherril M. Colombo, LITTLER MENDELSON, P.C., Wells Fargo Center, Suite 2700, 333 SE 2nd Ave, Miami, FL 33131, (305) 400-7500.